Wheeler, J.
The grounds relied on in'argument for the reversal of the judgment bring in question, 1st, the sufficiency of the verdict; 2d, the sufficiency of the evidence; and, 3d, the instructions to the jury.
The verdict is, in effect, a general verdict for the plaintiff, on the issues respecting his right to a specific performance of the contract of sale; and it necessarily includes the decision of every material fact well pleaded touching his right to that relief. The verdict is informal; but the form of the verdict is not material. If it be intelligible and sensible, and finds substantially the material issues, it is sufficient.
The province of the jury is, in general, the same in cases of equitable as in *294 those of legal cognizance, and the sufficiency of their verdict will be determined by the application of the same rules. (Carter v. Carter, 5 Tex. R., 93.) By the rules recognized by repeated decisions of this court, the verdict is, we think, sufficient. (1 Tex. R., 93; 2 Id., 203.)
In respect to the sufficiency of the evidence to support the verdict, there is more difficulty. It is unnecessary here to recapitulate the evidence. It may suffice to say that it is far from satisfactory. But this is perhaps to be accounted for in some measure by the fact that, from the character of the dealings between the parties and the confidential manner in which it was conducted, the facts were scarcely susceptible of positive and satisfactory proof. The evidence, however, was sufficient to satisfy the jury, and the.judge who presided at the trial, who evinced his satisfaction by refusing a new trial. And the ruléis applicable here, which we have uniformly applied in similar eases where the controversy consists chiefly of questions of fact, that is, that the verdict must be sustained, unless it appear to have been given against or without evidence. That the evidence may not be satisfactory to this court is not sufficient; it is not enough that it is not clear that the verdict is right; it must clearly appear that it is wrong, to authorize the reversal of judgment on that ground. (1 Tex. R., 326; 2 Id., 381, 3SS. 396.)
The question controverted by the pleadings, on which there is most doubt as to the sufficiency of the evidence, is as to the payment by the plaintiff of the entire amount of purchase-money before bringing bis suit. At the time of the alleged cancellation of the contract, some of the notes given for the purchase-money were in possession of the defendant, and were then delivered to the plaintiff. * The natural inference certainly would be that they were then unpaid. But the evidence showed various payments at different limes, and the delivery of one wagon by the plaintiff to the defendant, after the alleged cancellation of tiie contract and the delivery up to the plaintiff'of the notes. It was in proof that the plaintiff was a credulous, confiding man. The manner in which the payments were made, in lumber, from time to time, may •have justified tlic jury in believing that the notes were not taken up as paid, and that the wagon, delivered after they were given up, was in satisfaction of any balance remaining unpaid. The plaintiff alleged that the notes were fully paid. This the defendant denied. This isáue was thus distinctly presented to the jury. Its decision was necessarily included in the verdict, and we cannot say that they found without or against evidence.
In respect to the alleged rescission of the contract of salo, and the fraud in procuring it, the evidence leaves it uncertain whether the agreement to rescind was completed, and if so, whether it was not induced by the fraudulent conduct of the defendants. These, therefore, were questions proper for the decision of the jury upon the evidence.
We do not perceive that any error in law was committed by the court in the additions made to the 1st and 2nd instructions given at the instance of the defendants, nor in the .refusal of the last instruction asked by them. The first and last assumed that the notes wore unpaid. This was a question of fact for the jury to decide upon the evidence. It did not matter that the plaintiff had gotten possession of the notes and retained them, if, as lie alleged, they were fully paid and satisfied. The court was under no obligation to modify or change the instructions asked, so as to make them legal and proper. In the terms in which it was asked, the instruction refused was not proper. In whose possession the notes may have been, as we have intimated, was not material, provided they were paid.
That the plaintiff could not maintain an action for specific performance, without payment in full of the purchase-money, is unquestionable. No ruling of (lie court presented by the record denied this proposition.
The threat of a lawsuit was so intimately connected with the acts and representations relied on to sustain the charge of fraud that we are not prepared to say that the court erred in refusing to exclude it from the consideration of the jury.
Note 8(5. — Hamilton v. Hice, 15 T., 3S2.
Note 87. — James v. Wilson, ante, 230.
Upon the whole, we are unable to perceive that any principle of law was violated or any manifest injustice done the defendants in tlie proceedings and judgment under revision, or that tlie real justice and law of the case were not as nearly attained as was practicable under tlie pleadings and evidence in the case, and we are of opinion that the judgment be affirmed.
Judgment affirmed.