GEORGE H. HERMANN V. J. R. FENN ET AL.

Decided May 25, 1910.

**1.—Verdict—Boundary.**

In a boundary case the following verdict was rendered: "We, the jury, find as follows: That the partition fence as it now stands is the original Schley line, and find that all the land in controversy south of this line belongs to the defendants." Held, when read in the light of the pleadings and issues submitted to the jury by the court's charge, not subject to the objection that it did not definitely locate on the ground with reference to the landmarks, etc., the boundary line in dispute.

**2.—Limitation—Fencing Without Use.**

The mere fencing of land without the actual use thereof in some manner is not such actual possession as will ripen into title.

**3.—Practice—Refusal of Charges.**

It is proper to refuse a requested charge when the instruction therein contained is embraced in a charge already given. Charge considered and held properly refused for this reason, although announcing a correct principle of law.

**4.—Limitation—Actual Possession—Evidence.**

Evidence stated, and held sufficient to support a finding that defendants had such actual possession of the land in controversy as would support their plea of limitation.

**5.—Evidence—Boundary.**

When a map or plat of an agreed boundary line failed to show the marks made upon the ground at the time it was run, extrinsic evidence was admissible to identify on the ground the line delineated on the plat. Testimony as to the footsteps of the surveyor is as admissible in such case as in any other.

**6.—Boundary—Agreement—Evidence.**

Where the owners of adjoining tracts of land agree that the dividing line between them shall be the same as one agreed upon by former owners of the tracts, testimony as to the location of the line agreed upon by the former owners would be material and relevant.

Appeal from the District Court of Fort Bend County. Tried below before Hon. Wells Thompson.

*D. R. Peareson,* for appellant.

*W. L. Davidson, James Slyfield* and *Andrews, Ball & Streetman,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellant, Hermann, on June 7, 1901, sued J. R. Fenn in trespass to try title to recover a certain strip of land described in his petition by metes and bounds, it being a part of a league granted by the Mexican Government to Thomas Barnett. By an amended original petition an additional tract in the northeast corner of the Barnett league, about 764 varas long, by 363.5 varas wide, was sued for. Pending the suit, Fenn, the original defendant, died and his heirs were made parties.

The defendants answered by pleading not guilty, the several statutes of limitation, and by pleading an agreement by the vendors, under whom the parties deraign title, as to the boundary line between the lands claimed by plaintiff and defendants, that of the one lying north, and of the others south, of such agreed line. The line is specifically described in the answer by giving marks along it, claimed to have been made when it was run, for identification. Except as to the second tract, for which they relied upon their pleas of limitation to defeat plaintiff's action therefor, defendants disclaimed all land lying north of the alleged boundary line. Indeed, as to the first strip of land sued for, the question is simply one of boundary, and is to be determined by the true location of the division line agreed upon by the vendors under whom the several parties claim.

The case was tried before a jury, who returned the following verdict: "We, the jury, find as follows: That the partition fence as it now stands is the original Schley line, and find that all the land in controversy south of this line, belongs to the defendants.

"In regard to the tract, a part of the Barnett league, beginning at the northeast corner of the Barnett league, and thence, running west to the Shipman east line, thence south 363 5/10 varas to corner, thence east 764 varas to the east line of the Barnett fence, thence north along the Barnett east line to the place of beginning, we find that the defendant has had and held peaceable and adverse possession of said land, and has used the same for a period of more than ten years before the 29th of May, 1903, giving him said land by limitation."

Upon this verdict it was adjudged "that the plaintiff, George H. Hermann, take nothing by his suit as to Miss Belle Fenn, Mrs. J. J. McKeever and her husband, J. J. McKeever, or any of them; and it appearing that each and all the other defendants in this case have parted with all interest in the property involved in this suit, it is ordered adjudged and decreed, that each and all said defendants go hence without day, and that all costs of this court be adjudged against the plaintiff." From this judgment the plaintiff has appealed.

Our conclusions of fact essential to the judgment will be stated in disposing of the several assignments of error which involve them.

*Conclusions.*—1. The first assignment of error is: "The court erred in not granting the plaintiff a new trial of this cause, because the verdict rendered herein is indefinite and uncertain, in this, that it does not definitely locate on the ground with reference to the landmarks, etc., the boundary line in dispute between plaintiff on the north and the defendants on the south, and the said verdict did not dispose of the issue as to the correct location of the said boundary line between the plaintiff and defendants."

A verdict must be read in the light of the pleadings and the issues submitted to the jury by the court's charge. Jones v. Ford, 60 Texas, 127; Bowman v. Saigling, 111 S. W., 1083; Pearce v. Bell, 21 Texas, 688. When the verdict in this case is so read, it is certain that it establishes the boundary line between the land of the several parties just where it was in their pleadings claimed to be by the defendants, and that such line is so identified as to clearly show that the strip of land first sued for, is no part of plaintiff's land, but is a part of

the tract owned by the defendants. And, in our opinion, the evidence fully supports the verdict, and the construction thus given it.

2. The second assignment of error complains of the court's refusal of this special charge: "You are instructed that the mere fencing of land without using same, would not be sufficient possession thereof to give defendants title by limitation, and unless you believe that said land was actually used by defendants or J. R. Fenn for the full time of ten consecutive years, you will find against defendants, in so far as issue of limitation is concerned," requested by plaintiff as to tract of land in the northeast corner of the Barnett league. The proposition advanced is: "The mere fencing of land, without the actual use thereof in some manner, is not such actual possession as will ripen into title." While this is an enunciation of a sound principle of law (Dunn v. Taylor, 102 Texas, 80), it is sufficiently embraced, in so far as it is applicable to this case, in a special charge given at plaintiff's request, a part of which is as follows: "You are instructed that defendants could not have acquired title to the said land by limitation, unless you believe from the evidence that the defendants and those under whom they claim, had, prior to May 29, 1903, had and held actual, adverse and continuous possession of said tract of land, using, enjoying or cultivating same for ten consecutive years prior to May 29, 1903, and unless you so believe that defendants, and those under whom they claim had had such possession, and for the said length of time prior to May 29, 1903, you will find a verdict for the plaintiff for said land above described. The burden of proof is upon the defendants to show by the evidence deemed by you credible that they had had such possession."

The verdict expressly finds that the defendant has had and held peaceable and adverse possession of the land, and has used the same for a period of more than ten years before May 29, 1903. There is no evidence in this case, as there was in Dunn v. Taylor, tending to show an absence of possession or a lapse of use of the land, or any portion thereof, for any time during the period necessary to confer title by ten-years statute. But, on the contrary, the evidence shows every essential fact necessary to establish defendants' title under, and by virtue of such statute.

3. The third assignment complains that the evidence does not show that defendants or those under whom they claim actually used said land in the northeast corner of the Barnett league. What we have said in disposing of the preceding assignment is sufficient to settle the question raised by this one. But we will state some of the evidence which has led us to the conclusion contrary to the plaintiff's contention. The witness Joe Williams testified: "Then after it," referring to the land in the northeast corner of the Barnett league, "was fenced Mr. Fenn used it as a pasture; that was in the year 1893. The time of the year we fenced it, near as I can come at it, I can't tell the day of the month, but it was on Sunday. It was the first of February or last of March or the first of April. It was in the Spring." Mrs. McKeever, one of defendants, being asked as a witness to state whether or not her father, J. R. Fenn, after the time the land was fenced, used it for pasturage, answered: "Yes, sir, and since that time I have

continued to use it, and we have just repaired the fence," This, we think, warrants the verdict in favor of defendants on the ten-years statute.

4.. The testimony, the admission of which is complained of by the fourth, fifth, sixth and seventh assignments, tended to identify the division line agreed upon by the former owners, S. B. Glasscock and James R. Shipman, the plaintiff claiming title under the former and the defendants under the latter. This agreement showed upon its face that an actual survey of the line was made before the plat attached thereto was drawn; and as the plat did not show the marks made to identify the line, it was permissible to show that they were made when such line was actually run and the plat attached to the agreement, was drawn. The evidence complained tended to show the footsteps of the surveyor in originally running the line which was agreed upon by the proprietors of the respective tracts of land, now owned by the parties to this suit. The footsteps of the surveyor in running a boundary line control just as they do in identifying any other lines of a survey made on the ground. Inasmuch as the plat was upon its face too indefinite and uncertain to fix the location of the agreed division line, extrinsic evidence was admissible to identify on the ground the line delineated on the plat. Smith v. Boone, 84 Texas, 526; Bean v. Bachelder, 3 Atl. (Me.) 279.

5. The evidence set forth in appellant's brief in the statements under the several propositions advanced under the eighth assignment of error, which it complains of being admitted over appellant's objection that it was immaterial and irrelevant, was admitted as a circumstance to identify the division line agreed upon by Glasscock and Shipman, which, according to the agreement of the parties, is the division line, the true location of which must determine the rights of the parties to this suit. It appears from the evidence that prior to agreement made by Glasscock and Shipman as to such boundary line, Moses G. Shipman and James R. Shipman, through whom the parties claim, who jointly owned the property, agreed upon a partition of it between themselves, and had the division line between them surveyed and marked on the ground, and that such line is really the line agreed upon by Glasscock, who acquired James R. Shipman's interest, and Moses G. Shipman, whose interest the defendants afterwards acquired. If, then, as is claimed and as the evidence tends to show, the line agreed upon by Glasscock and James R. Shipman is the same as the division line between Moses G. and James R. Shipman, it was permissible to show where such division line was actually run on the ground, in order to identify the line agreed upon by Glasscock and Moses G. Shipman. This, the testimony objected to, tended to prove. Therefore, it was admissible as against the objection urged.

6. The ninth and tenth assignments of error are without merit.

7. The charge fully and correctly presents the issuable facts to the jury, as well as the law of the case, arising from the pleading and evidence. It was proper to assume the existence of such facts as were incontrovertibly proved, or admitted by the parties. We, therefore, overrule all assignments which complain either of the general charge

of the court, or of the special charges given at the instance of the defendants.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.