## WALLACE v. ARNOTT.　(No. 390.)

(Court of Civil Appeals of Texas. Waco. June 24, 1926.)

**1. Trial ⬤⟳331.**

Verdict is sufficiently certain when it can be rendered so by reference to pleadings.

**2. Trial ⬤⟳333—Where only defense in action on notes was total failure of consideration, verdict for plaintiff without specifying amount held sufficiently definite to support judgment for amount of notes with interest and attorney's fees.**

Where petition definitely described notes aggregating certain sum and providing for interest and attorney's fees and only defense pleaded was total failure of consideration, verdict, according to direction, merely finding for plaintiff without specifying amount, held sufficiently definite to support judgment for plaintiff for amount of notes plus interest and attorney's fees.

Error from Tarrant County Court; H. O. Gossett, Judge.

Suit by C. A. Arnott against A. A. Wallace. Judgment for plaintiff, and defendant brings error. Affirmed.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

John L. Poulter, of Fort Worth, for plaintiff in error.

Johns & McGregor, of Fort Worth, for defendant in error.

STANFORD, J. This suit was filed by defendant in error against plaintiff in error to recover on four promissory notes, including principal, interest, and attorney's fees. Plaintiff in error pleaded failure of consideration. At the conclusion of the evidence the court instructed a verdict for defendant in error, and on such verdict judgment was rendered for defendant in error for the amount of said notes, also declaring an attachment lien on certain lots. There is no statement of facts with the record.

### Opinion.

[1, 2] Plaintiff in error presents one assignment of error, to the effect that the court erred in rendering judgment for the plaintiff against defendant for the sum of $427.65, because such judgment is unsupported and unauthorized by the verdict of the jury, in that said verdict is too general, vague, and uncertain to support the judgment rendered. Defendant in error, in his petition on which the case was tried, definitely described the four notes sued upon, stating they were dated July 10, 1923, were executed by defendant, A. A. Wallace, that they were payable to the order of plaintiff, C. A. Arnott, bearing interest from date at the rate of 8 per cent. per annum, numbered 1, 2, 3, and 4, payable on or before October 1, 1923, February 1, 1924, July 1, 1924, and October 1, 1924, respectively, being in the principal sum of $100, $100, $100, and $50, respectively, and each providing for 10 per cent. attorney's fees if not paid at maturity and if placed in the hands of an attorney for collection, etc. The only defense pleaded by plaintiff in error, defendant in the trial court, was a total failure of consideration. At the conclusion of the evidence, the court instructed the jury as follows:

"Gentlemen of the jury, you are instructed by the court to return the following verdict: We, the jury, find for the plaintiff, C. A. Arnott, as against defendant, A. A. Wallace."

—which verdict the jury did return, and the court in his judgment found that defendant was justly indebted to plaintiff on the four promissory notes sued upon in the aggregate principal sum of $350, together with interest on that amount from July 10, 1923, at 8 per cent. per annum, and an amount equal to 10 per cent. of such principal and interest as attorney's fees, making a total aggregate amount of $427.65, and reciting the fact that an attachment had been issued in said cause and levied upon two certain lots, fully described. A verdict is sufficiently certain when it can be rendered certain by reference to the pleadings. Hardy v. De Leon, 5 Tex. 211;

Wells v. Barnett, 7 Tex. 584; Smith v. Johnson's Adm'r, 8 Tex. 418; Hamilton v. Rice, 15 Tex. 382; Traylor v. Townsend, 61 Tex. 144; Harkey v. Cain, 69 Tex. 146, 6 S. W. 637; Martin Brown Co. v. Perrill, 77 Tex. 199, 13 S. W. 975; Reed v. Phillips (Tex. Civ. App.) 33 S. W. 986; Hermann v. Fenn, 61 Tex. Civ. App. 283, 129 S. W. 1139. By reference to the pleadings in this case, it appears there was no issue as to the amount of the notes sued upon, the date of the notes, the rate of interest, nor the fact said notes provided for 10 per cent. attorney's fees. There was only one issue made by the pleadings, and that was whether or not plaintiff in error was relieved of any liability whatever on said notes by reason of the alleged total failure of consideration. Under this only issue, he was liable for the amount of said notes, including principal, interest, and attorney's fees, or he was not liable for anything. So there is no ambiguity whatever in the finding in favor of plaintiff when construed in the light of the issue as made by the pleadings. This assignment is overruled. But it does not clearly appear that this appeal is prosecuted for delay only, and we therefore refuse the request of defendant in error to assess 10 per cent. damages.

The judgment of the trial court is affirmed.