## HARDY et al. v. BUMPSTEAD.
### No. 1248—5626.

Commission of Appeals of Texas, Section B.
July 22, 1931.

Smith, Crawford & Combs, of Beaumont, for plaintiffs in error.

Coe & Briggs, of Kountze, and A. M. Huffman, of Beaumont, for defendant in error.

LEDDY, J.

Plaintiffs in error are the record owners of the land in controversy and entitled to recover the same unless defendant in error has title under the ten-year statute of limitation.

In order to justify the conclusion that title has been perfected by defendant in error under the provisions of the ten-year statute (Rev. St. 1925, art. 5510), it must appear his possession and use of the land has been continuous and uninterrupted for the required period of time. If there is a break in the continuity of his possession, it devolves upon him to show that it only existed for a reasonable period. Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265.

A careful consideration of the facts shown by this record convinces us that the continuity of defendant in error's possession was broken in 1925 for a period of more than eight months, an unreasonable length of time under the existing circumstances; hence he has failed to show the required continuous and unbroken possession of the premises in controversy for the complete statutory period.

The evidence discloses that defendant in error, with his family, consisting of a daughter and two minor sons, went upon this 106-acre tract of land in 1917. At the time he moved on the place, there was a small shack or building located thereon which he floored and moved into. He cleared and inclosed a tract of about two acres near the house and built a small chicken house and smokehouse, these buildings being eight by ten feet in size, and constructed of pine slabs. The small tract of land inclosed was gradually enlarged by clearing from year to year up to 1922, when it embraced about five acres within the inclosure. There was no enlargement of the inclosed portion after that time. It appears defendant in error raised crops upon the five-acre tract each year, with the exception of 1925, which consisted of corn, potatoes, and vegetables. At different times he had some hogs and chickens upon the place. His daughter married and left the place in 1920, the two sons remaining with him until 1924, when one of them moved to the state of Arkansas. In 1922, the dwelling was destroyed by fire, and defendant in error moved

into a little crib and smokehouse on the place, and remained there, making a crop within the small inclosure during that year. In 1924, he built a one-room house out of lumber cut from the premises, and lived in this house with his son. In 1925, no crop or garden was cultivated on the place. During that year, defendant in error and his son moved to other premises two and a half miles from the land in question and resided on what was known as the Daniels place, where they cut railroad ties on their own account. They cultivated no crop on the premises in question, and made no other use of the land during the year 1925, except the son occupied the house during the trapping season, which terminated about the first of March, 1925. From that date until 1926, the place was not used or cultivated in any manner, outside of occasional visits to the house by the father and son, who stayed all night there perhaps once or twice a week. It was in evidence that, when defendant in error and his son moved to the Daniels place in 1925, they took with them a part of the household goods and left a portion, as well as some plow tools. The record is silent as to what household goods remained in the house or the condition thereof, nor does it disclose the number or character of plow tools left on the place. It was not shown whether the house was locked so as to prevent its use by strangers during the time defendant in error resided at the Daniels place.

Does the evidence, when considered in the most favorable light to defendant in error, show that there was such a break in the continuity of his possession in 1925 as to prevent the perfection of title under the ten-year statute of limitation? We think it does.

■ To constitute adverse possession, the party occupying the land must in some way appropriate the same to some purpose to which it is adapted. While actual residence on the land is not essential to constitute adverse possession (Cantagrel v. Von Lupin, 58 Tex. 570), it has been determined that the possession referred to by the statute means an actual residence on the land, or such continuous and uninterrupted cultivation, use, and enjoyment of same as to be visible, notorious acts of ownership sufficient in character to give notice to the owner that his land is being adversely claimed by another. Kimbro v. Hamilton, 28 Tex. 560; Carlock v. Willard (Tex. Civ. App.) 149 S. W. 363, 365; Texas Jurisprudence, vol. 2, § 39.

■ Nor is the mere fencing of the land or erection of other improvements thereon sufficient to constitute adverse possession, unless accompanied by actual occupation or open use. Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027.

"When yearly crops are raised [on the place]," says Justice Williams, in Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265, 268, "it may be that actual occupancy of a tenant for the time between the harvesting of one crop and the preparation for another should not be held to be essential. In such cases the appearances on the land itself would probably show the purposes for which it is being used."

■ The gap in defendant in error's possession was not merely an interval between the harvesting of one crop and the preparation for another, as it is undisputed no crop of any character was made on the land during the year 1925, nor was the place used for any other purpose for which it was adapted. No livestock or fowls were kept on the place nor any timber cut therefrom during said year. The only occupancy during this period was the occasional visits of the father and son, at most once or twice a week, to stay all night in the house on the premises. We do not think that such use of the place was sufficient to constitute notice to the owners during the year 1925 of an existing intention of defendant in error to claim ownership of the land.

The owners of this land could have visited it every day during the daytime for a period of eight months without discovering that it was being used for any of the purposes to which it was adapted, or that the house was actually occupied by any one asserting a claim to the land. Certainly plaintiffs in error were not required to use the extraordinary degree of diligence necessary to discover defendant in error's nocturnal visits to this property. The fact that the land appeared to have been previously used and occupied was not notice to the owners of an existing intent of the former occupant to appropriate the land. On the contrary, all the appearances during 1925 indicated an abandonment of any such purpose.

It is true defendant in error offered proof tending to show that during the time he was away from the place in 1925 he continuously claimed it as his own. In order to perfect title by limitation, it is essential that more than a mere claim to the land must be shown. The claimant is required to establish continuous and uninterrupted cultivation, use, and enjoyment thereof. Noland v. Weems (Tex. Civ. App.) 141 S. W. 1031, 1033; Peden v. Crenshaw, 98 Tex. 370, 84 S. W. 362.

Judge Brown, speaking for the Supreme Court, in Nona Mills Co. v. Wright, 101 Tex. 14, 102 S. W. 1118, 1121, in discussing the character of possession required to support a title by limitation, said: "To constitute adverse possession, the party occupying the land must in some way appropriate the land for some purpose to which it is adapted. Mere occupancy of land without any evidence of an intention to appropriate it will not support the statute of limitation."

But it is claimed that some of the fencing on the place was kept up during the year

1925. The construction or keeping up of a fence upon the land of another is insufficient to constitute adverse possession. Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 129; Hermann v. Fenn, 61 Tex. Civ. App. 283, 129 S. W. 1139; Hankins v. Dilley (Tex. Civ. App.) 206 S. W. 549.

In the case of Pendleton v. Snyder, 5 Tex. Civ. App. 427, 24 S. W. 363, 364, the facts showing adverse possession were much stronger than those contained in this record. There, the parties claiming such possession lived in the house on the place for about four months out of each year. While away from the house they left their household goods, also feed and corn in the cribs ·on the place. For several months of the year their cattle were kept in pens constructed on the land. Under these circumstances, it was held the character of use was insufficient to constitute that continuous possession contemplated by the limitation statute. The court, speaking through Justice Williams in discussing such question, said: "The occasional use of a house upon the land, such as is shown in this instance, does not, in our opinion, constitute a continuous possession of the land, any more than would the occasional use of the land itself for herding and grazing stock upon it. Such use is of too casual and transitory a character. The possession of a key to a house is not possession and use of the land. It is true that the character of the evidence of possession varies with the use to which the land is adapted, and to which it is put, but such possession must nevertheless, in all cases, be continuous and unbroken. According to the evidence, there was no one upon the land the larger part of each year, the only evidence of its being used when the herders were away being an unoccupied house and some open stock pens. The appearances indicated just such casual and occasional use of the land for the purpose of managing the stock as has often been seen in this state, and which is held not to constitute possession."

Defendant in error's lack of use and occupancy of the premises for the year 1925 cannot be aided by the fact that his possession may meet the test required by law for the remainder of the limitation period. As said by our Supreme Court in Dunn v. Taylor, before cited, "We cannot admit the right of the court to require only nine or nine and a half years of continuous possession when the law requires ten, and this would be the effect of overlooking gaps of six months or a year between tenancies."

We conclude that as the defendant in error's use and enjoyment of the premises during the year 1925 was, insufficient to constitute the character of adverse possession required by the statute, plaintiffs in error's requested peremptory instruction should have been given.

We recommend the judgments of the trial court, and the Court of Civil Appeals be reversed, and that judgment be here rendered for plaintiffs in error.

CURETON, C. J.

ˈJudgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiffs in error, as recommended by the Commission of Appeals.

GREENWOOD, J., not sitting.