The application for writ of habeas corpus is denied.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Juan MARTINEZ et ux., Appellees.**

**No. 13838.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 29, 1961.

On Rehearing Jan. 3, 1962.

Rehearing Denied Jan. 31, 1962.

**234**

Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellant.

Arnold W. Franklin, Jourdanton, for appellees.

POPE, Justice.

We have concluded, on rehearing, that our original opinion was in error. The trial court rendered judgment upon a jury verdict which found that defendants, Juan Martinez and wife, had matured ten-year limitation title to portions of five city lots in Jourdanton. Plaintiff under the evidence has record title to the disputed thirty-foot strip and also the adjoining land to the west. Defendants have record title to the land which adjoins the disputed strip on the east. The controversy, therefore, concerns only the strip of land which is located between lands owned by the plaintiff on the west and defendants on the east. Defendants concede that plaintiff has record title to the strip and rely on limitations. Defendants proved possession of the thirty-foot strip, but they failed to prove that their possession was exclusive.

The proof, without dispute, shows that plaintiff in 1950, leased the disputed strip and its land to the west to J. J. Dornak. Dornak erected a grain elevator on the land west of the disputed strip, and his customers, each year from the time of its erection up to the year 1958, used the strip as an approach to the grain elevator, for parking and for turning vehicles. The public also used the same area. Grain trucks would drive across the strip to load and unload grain. Not until 1958 did the defendants exclude the record owner from this use. Defendants explain this joint use by plaintiff's tenant and themselves by arguing that they tacitly consented to this use by the owner of the land. They did not dispute the owner's use, but argue that it was a permissive use. The legal point, therefore, is, Can an adverse user maintain exclusive possession of a tract though he permits the owner to use it jointly with him? The negative answer to the question has been settled by the Supreme Court. "It follows that the law's requisites are not satisfied if the occupancy is shared with the owner or his agents or tenants." Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925.

The motion for rehearing is granted and the judgment is reversed and here rendered that plaintiff have and recover title and possession of the disputed strip of land.