Mrs. R. W. BURNETT et al., Appellants,

v.

Anna Sanderson Hall KNIGHT et al.,
Appellees.

No. 17082.

Court of Civil Appeals of Texas.

Dallas.

April 12, 1968.

Rehearing Denied May 17, 1968.

Henry Stollenwerck of Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

Joe P. Matthews, Dallas, for appellees.

BATEMAN, Justice.

The trial court rendered jugment upon a jury verdict which found that appellees, the Estate of Annie L. Sanderson, De-

ceased, and others had matured limitation title under the ten-year statute (Vernon's Ann.Civ.St., Art. 5510) to a narrow strip of land situated between a tract owned by them and a larger tract owned by appellants and used for many years as a baseball stadium.

By two points of error on appeal the appellants say the trial court erred in rendering such judgment (1) because there is no evidence to support the judgment, and (2) because it appears from the uncontroverted evidence that appellees did not at any time have exclusive adverse possession, but at most a "shared possession" with appellants, which defeats their claim of limitation. We sustain both points.

The record does not contain a statement of facts in the usual form, but in the transcript there is an "Agreed Statement of Facts," from which it appears that the only two witnesses tendered by appellees testified that Annie L. Sanderson and her family played on the disputed strip of land, and "for a period of time" had thereon a cow lot, a pigeon barn, a concession stand, a signboard, and a two-car garage; also that they engaged in the business of parking cars on Annie L. Sanderson's property and upon the disputed strip, accepting money therefor, and permitting some of the customers attending the games in the baseball stadium on appellants' land to cross the disputed strip in getting to and from the stadium, and prohibiting others from doing so if they were too busy handling the cars; that all of the customers who parked on Annie L. Sanderson's land and on the disputed strip "ingressed and egressed to the ball games over the disputed strip," and that these things were done "for varying periods of time over a period of time commencing in 1916 until the death of Annie L. Sanderson on March 10, 1964." One of those witnesses testified as to a fence enclosing the disputed strip with Mrs. Sanderson's property, but in response to a request for admissions the appellees admitted that the so-called fence was not ever a barricade or a fence of

such a nature as to prohibit ingress and egress over it, but that it was easily traversed by many people walking to attend the ball games.

One claiming title by limitation has the burden of proving every fact essential to that claim, and one of those essential facts is that the adverse possession be continuous and unbroken for the period of time specified in the statute. Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265 (1908); Hardy v. Bumpstead, 41 S.W.2d 226, 76 A.L.R. 1488 (Tex.Com.App.1931, jdgmt adopted); Urschel v. Garcia, 164 S.W.2d 804, 807 (Tex.Civ.App., San Antonio 1942, writ ref'd w. m.).

We find nothing whatever in the record to indicate that any possession, use or enjoyment of the strip in question by appellees or their predecessors in title was continuous and unbroken for ten years, or for any other definite period of time. Appellees' evidence only showed that these things occurred "for a period of time" and for "varying periods of time."

Moreover, it is not sufficient to show mere occupancy or use of land. "An important part of the law * * * is that the possession must be of such character as to indicate *unmistakably* an assertion of a claim of *exclusive* ownership in the occupant. It follows that the law's requisites are not satisfied if the occupancy is shared with the owner or his agents or tenants." Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925, 927 (1948). This follows the statutory definition of "adverse possession" as being "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Art. 5515, V.A.C.S.

So far as the claimed use of the property for the parking of automobiles is concerned, it would appear to be undisputed from appellees' own evidence that when baseball games were being played in the stadium on appellants' land, Mrs. San-

derson and her family used space on their property, as well as on the disputed strip, for the parking of the automobiles of appellants' customers, for which they charged money. Much is made of the fact that those attending the ball games, who parked on Mrs. Sanderson's land, were permitted to walk across the disputed strip to get to the stadium, but in our opinion this does not strengthen appellees' case. The use of the strip as a means of ingress and egress by those attending the ball games was of as much benefit to appellants as to appellees, and in that sense the strip was jointly used by appellants and the Sanderson family. That being true, this case falls squarely within the rule announced in Missouri Pacific Railroad Co. v. Martinez, 353 S.W.2d 233 (Tex.Civ. App., San Antonio 1961, no writ), wherein it was held that such use is a permissive use, and not adverse possession. See also Southern Pine Lumber Co. v. Hart, 161 Tex. 357, 340 S.W.2d 775, 782 (1960).

Moreover, as pointed out in Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781, 787 (1954), the phrase "claim of right" in Art. 5515, V.A.C.S. means that the entry of a limitation claimant must be with the intent to claim the land as his own, and that mere possession cannot be adverse possession unless accompanied by an intent on the part of an occupant to make it so. The court also said in *Orsborn*:

"Claim of right must be manifested by declaration or by open or visible act. If there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed."

There is no evidence before us to indicate that Mrs. Sanderson or any member of her family intended to hold any of the disputed strip adversely or hostile to appellants or either of them. See Miller v.

Fitzpatrick, 418 S.W.2d 884, 888 (Tex.Civ. App., Corpus Christi 1967, writ ref'd n. r. e.); Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517, 522 (1956).

Therefore, finding no evidence to support the verdict or the judgment, we reverse the judgment and here render judgment for appellants vesting in them the title to and possession of the strip of land in controversy.

Reversed and rendered.