HALLCO TEXAS, INC., Appellant,

v.

McMULLEN COUNTY,
TEXAS, Appellee.

No. 04–02–00164–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 20, 2002.

Max Renea Hicks, Attorney At Law, R. James George, Jr., George & Donaldson, L.L.P., Professor Lynn Blais, Austin, for Appellant.

James P. Allison, Portia F. Bosse, Allison, Bass & Associates, L.L.P., Austin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

Hallco Texas, Inc. ("Hallco") sued McMullen County, Texas (the "County") for inverse condemnation seeking monetary damages for the taking of Hallco's property. Hallco contends that the trial court erred in granting summary judgment in favor of the County because the trial court: (1) failed to recognize the distinction between a facial taking and an as-applied taking; (2) improperly overruled Hallco's right to reserve its federal claim; and (3) failed to find that the County's actions constituted a taking. In the event we reverse the summary judgment on its merits, Hallco also contends that we must reverse the award of attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

In January 1991, Hallco purchased a 128 acre tract of land in McMullen County, approximately two miles from Choke Canyon Lake. Hallco informed the County of its proposed plans to use the property as a nonhazardous industrial waste disposal site. The County immediately informed Hallco that it opposed Hallco's plans.

In 1992, Hallco applied to the Texas Natural Resource Conservation Commission ("TNRCC") for a state permit for its planned Class I non-hazardous facility. TNRCC issued Hallco a final draft permit that, once finalized, would authorize Hallco to manage nonindustrial hazardous waste on its property, subject to extensive limitations.

On June 14, 1993, the County passed an ordinance, prohibiting disposal of solid waste in the County within three miles of the Choke Canyon Reservoir. At the time the ordinance was passed, Hallco had invested approximately $800,000 in the site and the TNRCC permit process.

In July 1995, Hallco filed its first state court action, alleging that the ordinance violated Hallco's rights under the Texas and United States Constitutions and under state law. Summary judgment was granted in favor of the County, and Hallco appealed. We affirmed the trial court's judgment in *Hallco I*. *Hallco v. McMullen County, Texas*, No. 04–96–00681–CV, 1997 WL 184719 (Tex. App–San Antonio April 16, 1997, no writ) (not designated for publication).

On August 25, 1999, Hallco sought a variance from the County that would permit a solid waste disposal facility on Hallco's property despite the provisions in the County ordinance. The County never acted on Hallco's request. On August 31, 1999, the County informed Hallco that the Health and Safety Code did not permit variances from the challenged ordinance. As a result, the County refused to consider or act upon Hallco's request. Hallco then requested that the County include an item on the County Commissioners Court's September agenda to permit Hallco to comment on behalf of the variance request. Hallco stated that it would treat the County's inaction or silence on the variance request as a final decision unless the County provided written information stating otherwise by the next day.

Hallco then filed its second state action against the County, asserting an as-applied takings claim. Hallco sought to reserve its federal takings claim for presentation in federal court. The County filed a motion for summary judgment, asserting that no taking had occurred and, in the alternative, that the second action was barred by res judicata, statute of limitations, and laches. The trial court granted summary judgment in favor of the County without stating a specific ground for its decision.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex.2001). All doubt is resolved against the movant, and the evidence is viewed in the light most favorable to the nonmovants. *Id.* All evidence favorable to the nonmovant is taken as true. *Id.*

## TAKING

■ Hallco contends that the County's actions in passing the ordinance and denying the requested variance resulted in a regulatory taking of Hallco's property. A regulatory taking occurs if a governmental ordinance does not substantially advance legitimate state interests or either (1) denies a landowner of all economically viable use of his land; or (2) unreasonably interferes with the landowner's right to use and enjoy his property. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 933, 935 (Tex. 1998). Hallco contends that the County's ordinance unreasonably interfered with its right to use and enjoy its property.

Determining whether the government has unreasonably interfered with the landowner's right to use and enjoy property requires a consideration of two factors: (1) the economic impact of the regulation; and (2) the extent to which the regulation interferes with the reasonable investment-backed expectations. *Id.* at 935. The first factor, the economic impact of the regulation, compares the value that has been taken from the property with the value that remains in the property. *Id.* at 935–36. The loss of anticipated gains or potential future profits is not usually considered in analyzing this factor. *Id.* at 936. The second factor is the reasonable investment-backed expectations of the landowner. *Id.* The existing and permitted uses of the property constitute the "primary expectation" of the landowner that is affected by regulation. *Id.*

Hallco argues that the County's rejection of its variance request deprived Hallco of its reasonable investment-backed expectations. First, Hallco contends that it invested $800,000 preparing its property for a waste disposal facility and TNRCC permit. Second, Hallco contends that the County unreasonably interfered with Hallco's vested right to develop a waste disposal site that existed at the inception of its title and prior to the County's enacted ordinance.

The County counters that Hallco's claim must fail because Hallco never had a right to use its property as a solid waste disposal site. The County points out that Hallco could not have had a constitutionally protected right because it never had the right to, and never did, operate a waste facility on its property.

Historical uses of the property are critically important when determining the reasonable investment-backed expectations of the landowner. *Mayhew*, 964 S.W.2d at 937. Although Hallco sought and received a final draft permit, Hallco was never given a permit to dispose of waste on its property. The State of Texas requires that one desiring to dispose of waste apply for and receive a permit from the TNRCC. TEX. HEALTH & SAFETY CODE ANN. § 361.082 (Vernon 2001). Only after a person or entity has a permit to dispose of waste, under the conditions set by the Commission, is it even allowed to dispose of waste. Hallco reached the final stage of the permitting process, but the TNRCC never issued Hallco a permit to dispose of solid waste on its property. Even if Hallco had obtained the required permit, under Texas law, a permit to dispose of waste does not create or constitute a "property interest" or any other entitlement. *See* 30 TEX. ADMIN. CODE § 305.122 (West 2002).

Hallco contends our decision in *Hallco I* is not relevant because in *Hallco I*, Hallco asserted a facial challenge as opposed to an as-applied challenge. Hallco's contention ignores that under either a facial challenge or an as-applied challenge, Hallco must prove that the ordinance resulted in a taking—which requires Hallco to prove that it had a reasonable investment-backed expectation. *Mayhew*, 964 S.W.2d at 936. The question of whether the facts constitute a taking, which includes the question of whether Hallco had a reasonable investment-backed expectation, is a question of law. *Mayhew*, 964 S.W.2d at 936. In *Hallco I*, we held that because Hallco did not have a property interest in the disposal of solid waste on its property, the ordinance did not constitute a taking as a matter of law. 1997 WL 184719, at *3. Absent the TNRCC permit, Hallco did not have a distinct investment-backed expectation that it could use the property for solid waste disposal, and use of the property for solid waste disposal was neither an existing nor a permitted use. *See Mayhew*, 964 S.W.2d at 936; *cf.*

*Good v. U.S.*, 189 F.3d 1355, 1363 (Fed.Cir. 1999) (holding landowner did not have reasonable investment-backed expectation of ability to use land for a particular purpose when landowner was aware of regulatory climate at the time property was purchased and should have been aware that regulatory approval could be denied): *Deltona Corp. v. U.S.*, 228 Ct.Cl. 476, 657 F.2d 1184, 1193 (1981) (no reasonable investment-backed expectation existed where the landowner was aware permits were required and had only an expectation that a permit would issue to allow the landowner to exploit his property by constructing a project it believed was available for development). It is this holding in *Hallco I*, which we reaffirm today, that defeats Hallco's takings claim as a matter of law, whether that claim is framed in terms of a facial challenge or an as-applied challenge.

### RESERVATION OF FEDERAL CLAIM

A claimant may reserve his federal claims for litigation in federal court by following a three-step procedure: (1) the litigant first files in federal court; (2) the federal court abstains and stays the federal proceedings until the state courts resolve all state-law questions; and (3) the litigant informs the state courts of his intention to return, if necessary, to federal court on his federal constitutional questions after the state-court proceedings are concluded. *Guetersloh v. State*, 930 S.W.2d 284, 289 (Tex.App.-Austin 1996, writ denied). "[I]f a party is found to have freely sought a binding adjudication of *all* his claims in state court, and he has failed to make a proper reservation to the disposition of the entire case by the state courts, then that party has in effect foregone his right to return to federal court to bring his federal claim." *Id.*

In *Hallco I*, Hallco claimed that the County's ordinance violated his rights under the Texas Constitution, the United States Constitution, and state law. 1997 WL 184719, at *1. Hallco did not inform the state court of his intention to return, if necessary, to federal court. Hallco contends that since his as-applied takings claim was not ripe at the time of the first suit, he did not seek a binding adjudication on that claim. Even assuming Hallco's as-applied claim was not ripe at the time he filed his first suit, the issue of whether a taking had occurred under either federal or state law was ripe, and Hallco presented this issue seeking a binding adjudication of it in state court without reservation. Because the resolution of whether a taking occurred defeats both the facial and as-applied claims, Hallco has foregone his right to return to federal court to bring his federal claim.

### CONCLUSION

Because Hallco did not have a reasonable investment-backed expectation to use the property for solid waste disposal, the County's ordinance did not constitute a taking as a matter of law. The trial court's judgment is affirmed.