Emmit DAVIS and Debra
Davis, Appellants,

v.

Marsha MAY and The State
of Texas, Appellees.

No. 04–03–00525–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 2003.

Rehearing Overruled March 22, 2004.

Richard N. Evans, Beaumont, for Appellant.

Russell J. Wright, Wright & Wright, Silsbee, Joe H. Thrash, Asst. Atty. Gen., Administrative Law Division, Austin, for Appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Chief Justice.

Emmit and Debra Davis (the "Davises") appeal the trial court's judgment granting Marsha May ("May") and individuals related to the decedents buried in a private cemetery a right of ingress and egress across the Davises' land which surrounds the cemetery. The Davises present five issues on appeal, contending: (1) section 711.041 of the Texas Health and Safety Code is unconstitutional and the granting of a right of ingress and egress across the Davises' land is an unconstitutional taking of their property; (2) the trial court erred in extending relief to "any other individual related to the decedents"; and (3) the trial court erred in refusing to submit the Davises' requested issues in the jury charge regarding the taking of their property without compensation. We overrule these issues and affirm the trial court's judgment.

### BACKGROUND

May's great-grandfather, James Riley Alexander, and a few additional relatives of May are buried on land that is now owned by the Davises. The land was formerly owned by Alexander. In the deed conveying the property from Alexander to others and then to the Davises, no reservation or exception was made for the Alexander Cemetery.

May's husband requested Debra Davis's permission to visit the cemetery and later to clean the brush away from the cemetery. Although the Davises granted May permission, Debra Davis's brother, Steve Callaway, later told the Mays that they were trespassing and made them leave.

May sued the Davises to obtain a right of ingress and egress to the cemetery. The Attorney General of Texas intervened to address the constitutionality of section 711.041 and to represent the rights of the members of the general public who were related to the decedents.

The trial court initially granted a partial summary judgment declaring that section 711.041 of the Texas Health and Safety Code was constitutional. A jury trial was then held, and the jury found: (1) the Alexander Cemetery had no public ingress and egress; (2) a reasonable right of access for purposes usually associated with cemetery visits would be once a month for four hours; (3) the route of ingress and egress requested by May was reasonable, while the route designated by the Davises was not reasonable; (4) the purposes usually associated with cemetery visits include preserving the graves and markers, paying respects to the persons buried in the cemetery, meditating and praying, resetting headstones on graves, and conducting maintenance by mowing weeds and grass and removing vegetation; however, placing a border around the graves was not a purpose usually associated with cemetery visits. Based on the jury's findings, the trial court entered a judgment permitting May and any other individual related to the decedents to visit the Alexander Cemetery once a month for a four hour period using the route of ingress and egress the jury found to be reasonable for the purposes the jury found were usually associated with cemetery visits. The judgment incorporated the earlier partial summary judgment upholding the constitutionality of section 711.041.

### DISCUSSION

In their first three issues, the Davises challenge the trial court's ruling that section 711.041 of the Texas Health and Safe-

ty Code is constitutional and assert that granting May and other individuals related to the decedents a right of ingress and egress across the Davises' property is an unconstitutional taking of their property. In their fifth issue, the Davises contend that the trial court erred in failing to submit issues to the jury regarding their takings claim.

■ The ultimate question of whether the facts constitute a taking is a question of law, not a question of fact. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 932–33 (Tex.1998); *Hallco Texas, Inc. v. McMullen County*, 94 S.W.3d 735, 738 (Tex.App.-San Antonio 2002, no pet.). Whether granting the right of ingress and egress under the facts of this case constituted a taking is a question of law; therefore, the trial court did not err in refusing to submit the Davises' issues regarding their takings claim to the jury, and the Davises' fifth issue is overruled.

Section 711.041(a) of the Texas Health and Safety Code provides, "Any person who wishes to visit a cemetery or private burial grounds for which no public ingress or egress is available shall have the right to reasonable ingress and egress for the purpose of visiting the cemetery or private burial grounds. This right of access extends only to visitation during reasonable hours and only for purposes usually associated with cemetery visits." TEX. HEALTH & SAFETY CODE ANN. § 711.041(a) (Vernon 2003). Section 711.041(b) further provides, "The owner or owners of the lands surrounding the cemetery or private burial grounds may designate the routes of reasonable ingress or egress." TEX. HEALTH & SAFETY CODE ANN. § 711.041(b) (Vernon 2003).

The Davises rely on *Meek v. Smith*, 7 S.W.3d 297 (Tex.App.-Beaumont 1999, no pet.), to assert that section 711.041 is unconstitutional and that giving May and the other relatives of the decedents a right of

ingress and egress across their property is an unconstitutional taking. However, the court in *Meek* was careful to note that a reviewing court must consider the facts and circumstances surrounding each case in determining whether a compensable taking occurred. 7 S.W.3d at 301 (citing *Mayhew*, 964 S.W.2d at 932–33). After stating that most of the facts were not in dispute, the court noted, "One such fact is that the actual cemetery grounds involved are not surrounded by, adjacent to, nor contiguous with the Meeks' property." *Id.* This fact makes the decision in *Meek* readily distinguishable from the instant case because the Alexander Cemetery is surrounded by the Davises' property. The court also noted that the only challenge to the statute involved the contention that the statute in question, though generally constitutional, operated unconstitutionally as to the challenging party because of the party's particular circumstances, and the court limited its holding to finding section 711.041 unconstitutional as applied to the facts presented. *Id.* at 301 & n. 2.

■ The Attorney General asserts that because May had a common law right of ingress and egress to reach the cemetery, no taking occurred, and section 711.041 is constitutional as applied to the facts presented in the instant case. We agree.

■ No particular instrument or ceremony is required to dedicate a tract of land to cemetery purposes. *Damon v. State*, 52 S.W.2d 368, 370 (Tex. Comm'n App.1932, holding approved). Actual use of land for burial purposes is a sufficient dedication. *Id.*; Op. Tex. Att'y Gen. JC–0235 (2000). Property once dedicated to cemetery purposes and in use as a burial ground for the dead may not be sold either voluntarily or through judicial proceedings in such a manner as to interfere with the uses and purposes to which it has been dedicated and devoted. *State v. Forest Lawn Lot Owners Ass'n*, 152 Tex. 41,

254 S.W.2d 87, 91 (1953). When once dedicated to burial purposes, and interments have there been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust. *Houston Oil Co. of Tex. v. Williams*, 57 S.W.2d 380, 385 (Tex.Civ.App.-Texarkana 1933, writ ref'd); *see also Gibson v. Berry Cemetery Ass'n*, 250 S.W.2d 600, 601–02 (Tex.Civ.App.-Dallas 1952, no writ) (noting owner of land holds fee simple title subject to the right or easement of the relatives of the deceased persons interred therein to visit the graves of such relatives, erect monuments thereon, and to provide other reasonable ornamentation thereof, and to protect such graves from wrongful desecration); Op. Tex. Att'y Gen. No. JC–0235 (2000) (citing *Houston Oil Co. of Tex.* in support of statement that under common law, conveyance of land dedicated as a cemetery did not affect its use); Op. Tex. Att'y Gen. No. JC–0355 (2001) (noting person who takes title to property holds title in trust for the benefit of those entitled to burial in it).

In *Houston Oil Co. of Tex.*, the Texarkana court cited a Tennessee court's decision, *Hines v. State*, 126 Tenn. 1, 149 S.W. 1058 (1911), to support its assertion that the title owner held the property in trust and could not interfere with the use or purposes of the family burial ground. Numerous other states have relied on *Hines* in analyzing the law governing a relative's right of ingress and egress to a cemetery from the nearest public road. *See, e.g., Mingledorff v. Crum*, 388 So.2d 632, 636 (Fla.Dist.Ct.App.1980); *Commonwealth v. Garner*, 896 S.W.2d 10, 13 (Ky.1995); *Sanford v. Vinal*, 552 N.E.2d 579, 583–84 (Mass.App.Ct.1990); *Heiligman v. Chambers*, 338 P.2d 144, 147–48 (Okla.1959).

In *Hines,* as in the instant case, Crawford set apart land as a family burial

ground or cemetery. 149 S.W. at 1059. Through a series of conveyances, the land surrounding the cemetery was owned by a non-relative. *Id.* None of the conveyances contained an express reservation of the cemetery. *Id.* The court noted that the question presented was whether the descendants of Crawford "have a right or easement of burial in the cemetery, and of ingress or egress for the purposes of burial, visiting, repairing, and keeping in proper condition the graves and grounds around the same." *Id.* The court held that the descendants had those rights "and may exercise them in a reasonable manner and at seasonable times, so as not to unnecessarily injure the owner of the farm in its cultivation and use." *Id.* The court explained:

When land has been definitely appropriated to burial purposes, it cannot be conveyed or devised as other property, so as to interfere with the use and purposes to which it has been devoted. When once dedicated to burial purposes, and interments have been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust. The right of burial extends to all the descendants of the owner who devoted the property to burial purposes, and they may exercise it when the necessity arises.

They also have the right to visit the cemetery for the purpose of repairing, beautifying, and protecting the graves and grounds around the same, and for these purposes have the right of ingress and egress from the public road nearest the cemetery, to be exercised at seasonable times and in a reasonable manner.

Those who purchase the property after it has been appropriated to burial purposes take it subject to the rights we have stated, without any express reservation in the will or deed under which

they take. Such reservation is implied. The graves are there to be seen, and the purchaser is charged with notice of the fact that the particular lot has been dedicated to burial purposes, and of the rights of descendants and relatives of those there buried. Burial lots, whether public or private, are not the subject of trade and commerce, and it is always presumed that they are not included in the sale of property which surrounds them.

*Id.* at 1059.

Because May and the other relatives of the decedents have a common law right of ingress and egress and because the Davises' title to the property was already burdened by this common law right, neither section 711.041 nor the trial court's ruling resulted in a "taking" of the Davises' property under the facts as presented. As a result, section 711.041 is constitutional as applied in this case, and no taking occurred.

In their fourth issue, the Davises contend that the trial court erred in extending the right of ingress and egress to "any other individual related to the decedents." The Davises contend that including these other relatives violates rule 306, which requires the judgment to contain the names of the parties, as stated in the pleadings.

Rule 306 requires a judgment to include the full names of the parties as stated in the pleadings. TEX.R. CIV. P. 306. Based on this rule, the Davises contend that the judgment could not grant relief to the other individuals related to the decedents because they were not named in the pleadings. However, paragraph IV of May's Second Amended Original Petition requests relief under section 711.041 for "herself and others who have an interest in the cemetery." In addition, in paragraph VI, May requests, "A declaration by the Court that Plaintiff, Marsha [May] and any other individual related to the decedents

buried in Alexander Cemetery shall have an easement through the property of the Defendants for access at all reasonable times and for all reasonable purposes to Alexander Cemetery." Because the pleadings request relief on behalf of "any other individual related to the decedents," rule 306 does not provide authority for overturning the trial court's judgment. Furthermore; the trial court's judgment is simply a declaration of the extent of the common law right of ingress and egress created by the dedication of a portion of the land as a private burial ground. *See Gibson*, 250 S.W.2d at 602 (rendering judgment that appellants held title to cemetery subject to easement in favor of appellees who were relatives and all other relatives of the decedents interred in the cemetery); *Smallwood v. Midfield Oil Co.*, 89 S.W.2d 1086, 1090 (Tex.Civ.App.-Texarkana 1935, writ dism'd) (rendering judgment declaring cemetery to be held in trust for use and benefit of the defendants and all others having burial rights therein).

#### CONCLUSION

The trial court's judgment is affirmed.